**SIMPLEX APPLIANCE CO. v. STAR CAN OPENER CO.**

Circuit Court of Appeals, Seventh Circuit. January 25, 1930.

No. 4193.

Albert G. McCaleb, of Chicago, Ill., for appellant.

Stephen J. Cox, of New York City, for appellee.

Before ALSCHULER, PAGE, and SPARKS, Circuit Judges.

SPARKS, Circuit Judge. This is an appeal from a decree finding appellant's "Simplex Can Opener" to be an infringement of claims 1 and 2 of Anderson patent, No. 1,360,256 and claims 1, 2, 6 and 7 of Anderson patent, No. 1,528,178, which patents are owned by appellee. A statement of the facts, including claims and the prior art, appears in the opinion of the Circuit Court of Appeals, 16 F.(2d) 353; and we refer to that opinion for a statement of the facts relative to the Anderson patents. Infringement is the only question involved in the instant case.

It is appellant's contention that its can opener is distinctly different from appellee's, in that appellant's device does not comprise

a crank as a means of rotating one of the rollers, nor toggle joint action, nor two pivoted handle members; and for these reasons it claims that its can opener does not infringe the claims of appellee's patents.

◼ The only claim of appellee in which the word "crank" is referred to as a means of rotating the roller is No. 2 of appellee's first patent. In each of the other claims the general terms "means for operating" and "hand operating portion" are used. There is no inconsistency in the use of these terms. The simplest definition of the word crank is "a device for causing the rotation of an axis." In appellee's illustrative embodiment of its first patent a different means of causing rotation of the roller was used from that submitted in the second. In appellant's patent the same means of rotation is used as that in appellee's second patent. The means in each is a crank, and appellee's claims cover all. Patents are not limited to the structure described and shown, which is merely an illustrative embodiment of the invention, but the invention may be embodied in various forms. Continental Paper Bag Co. v. Eastern Paper Bag Co., 210 U. S. 405, 28 S. Ct. 748, 52 L. Ed. 1122; 2 Robinson, Patents § 485.

That a toggle joint action or arrangement is present in appellant's can opener when in cutting position, we think there can be no question. The testimony of the witness Ray is to the effect that the pivot spindle of the idler roller, when in cutting position, is in the right end of the slot or recess, and in alinement with the pivot of the handles, which is now the top of the slot, and the pivot of the cutting disk, so that a toggle arrangement is produced and the operator is able to maintain the parts in clamping and cutting position with no effort.

◼ From this conclusion we think there is no escape. The particular location of handle pivot, advancing roller pivot, and cutter are not of the essence of the invention. Whether they are in the sequence shown in the Anderson patent is immaterial, so long as the essential alinement of toggle relation is obtained. A transposition or rearrangement of the parts as set forth in a patent is an embodiment of the patented invention and does not avoid infringement unless form, location, or sequence is essential to the result or to the novelty of the claim, which are not

so in the instant case. Adam v. Folger (C. C. A.) 120 F. 260.

◼ The only substantial differences between appellant's can opener and the illustrative embodiment of appellee's patents are that instead of having two handles, and a separate and distinct means for rotating the advancing roller, appellant's patent has a cross handle carrying the advancing roller which acts both as one of the clamping handles and as the rotating means. The main handle and the cross handle are pivotally connected and are brought together to clamp the flange and force the cutter through the can. The cross handle then slips off its pivot pin, and may be turned to rotate the roller. Thus appellant's patent combines two of the elements of the embodiment of appellee's patents in one part which performs, in substantially the same way, all the functions of the two elements shown in appellee's design. The advancing and cutting rollers are of the same form in both and operate on the can flange in the same manner, and the handles clamp the flange and force the knife through the can in the same manner. The advancing roller is also rotated and causes the can to rotate against the cutter in the same manner. Appellant's opener also has the recess specifically mentioned in claim 1 of appellee's second patent, which permits the pivots to be brought into alinement for the cutting operation. That infringement is not avoided by combining two elements of a claim in one part is well settled. Bundy Mfg. Co. v. Detroit Time-Register Co. (C. C. A.) 94 F. 524; Dowagiac Mfg. Co. v. Brennan & Co. (C. C. A.) 127 F. 143. The patentee, having described his invention, and shown its principles, and claimed it in that form which most perfectly embodies it, is, in contemplation of law, deemed to claim every form in which his invention may be copied, unless he manifests an intention to disclaim some of those forms. Winans v. Denmead, 15 How. (56 U. S.) 329, 14 L. Ed. 717. In the instant case appellee has manifested no intention to disclaim any form.

We are convinced that appellant's Simplex can opener embodies all the essential features of appellee's patents as set forth in claims 1 and 2 of the first patent and claims 1, 2, 6, and 7 of the second patent, and that there was no error on the part of the District Court in so ruling.

Judgment affirmed.